UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANNA MONUS                                                   CIVIL ACTION

VERSUS                                                       NO. 21-218

EDWARD RIECKE                                                SECTION M (2)

## ORDER & REASONS

Before the Court is a motion by defendant Edward Riecke ("Riecke") to dismiss pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure for failure to state a claim and lack of subject-matter jurisdiction, respectively.[1] Plaintiff Anna Monus ("Monus") opposes the motion.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying Riecke's motion to dismiss.

**I.    BACKGROUND**

This matter concerns claims of housing discrimination on the basis of sex. Monus rents residential property from Riecke.[3] She alleges that on December 7, 2020, Riecke asked her to come to his office at a local bank in Covington, Louisiana, to pay her rent.[4] According to Monus, when she entered Riecke's office, he asked his assistant to leave and lock the door behind her.[5] Monus claims that, after a brief conversation, Riecke asked for a goodbye hug, and as they hugged, he placed his hands under her shirt on her back "in a sexually suggestive manner" before moving his hands to her buttocks.[6] Monus alleges that she retreated and told Riecke that his actions were

---

[1] R. Doc. 9.
[2] R. Doc. 10.
[3] R. Doc. 1 at 2.
[4] *Id.*
[5] *Id.*
[6] *Id.* at 2-3.

inappropriate.[7] Monus asserts that Riecke then told her he just wanted to "make her feel good" and then touched Monus's vaginal area with one hand while also touching and rubbing his penis with his other hand.[8] She alleges that she again told Riecke his conduct was inappropriate, quickly left Riecke's office, and reported the incident to the police.[9] Monus filed this action against Riecke bringing claims of sexual harassment under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601, *et seq.*, and the Louisiana Equal Housing Opportunity Act ("LEHOA"), La. R.S. 51:2601, along with state-law tort claims for sexual assault and battery.[10] She asserts that this Court has federal question jurisdiction, 28 U.S.C. § 1331, based on her FHA claim, and supplemental jurisdiction, 28 U.S.C. § 1367(a), over the state-law claims.[11]

## II. PENDING MOTION

Riecke argues that Monus has failed to state a viable FHA claim because her allegations of a single incident of unwanted touching are insufficient to establish a hostile-environment claim.[12] Moreover, Riecke argues that Monus cannot sustain her FHA claim because she has failed to allege any alteration of her housing arrangements.[13] Riecke also argues that Monus has failed to plead sufficient facts to establish this Court's subject-matter jurisdiction under the FHA because she has not shown that Riecke is subject to the FHA.[14]

In opposition, Monus argues that she has alleged a single incident of unwanted touching that is sufficiently severe to establish an FHA claim for hostile housing environment.[15] Moreover, she argues she has alleged an alteration in the conditions of her housing arrangements because the

---

[7] *Id.* at 3
[8] *Id.*
[9] *Id.*
[10] *Id.* at 3-4
[11] *Id.* at 1-2.
[12] R. Doc. 9-1 at 6-9.
[13] *Id.* at 11-12.
[14] *Id.* at 12-14.
[15] R. Doc. 10 at 9.

2

incident interfered with her use and enjoyment of the property in that she now feels unsafe living there and fears retaliation from Riecke including the loss of her housing.[16] Monus argues further that she has established federal question subject-matter jurisdiction by pleading a facially valid FHA claim, and that the FHA's exemptions, codified at 42 U.S.C. § 3603(b), are affirmative defenses, not jurisdictional prerequisites.[17]

### III. LAW & ANALYSIS

#### A. Riecke's Rule 12(b)(6) Motion

##### 1. Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The statement of the claim must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration omitted).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

---

[16] *Id.*
[17] *Id.* at 11-12.

3

550 U.S. at 570).  A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Thus, if the facts pleaded in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'"  *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*.  The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.  However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  "[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012)).  Motions to dismiss are disfavored and rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). A court may also take judicial notice of certain matters, including public records and government websites. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *see also Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005). Thus, in weighing a Rule 12(b)(6) motion, district courts primarily look to the allegations found in the complaint, but courts may also consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

**2. Stating an FHA Claim**

The FHA prohibits discrimination in the sale or rental of housing on the basis of race, color, religion, sex, familial status, or national origin. 42 U.S.C. § 3604(b). A plaintiff can state a claim under § 3604(b) by alleging that a landlord's sexual harassment altered the terms, conditions, or privileges on the use of a dwelling. *Greater New Orleans Fair Hous. Action Ctr. v. Kelly*, 364 F. Supp. 3d 635, 651 (E.D. La. 2019); *see Quigley v. Winter*, 598 F.3d 938, 946-47 (8th Cir. 2010); *DiCenso v. Cisneros*, 96 F.3d 1004, 1008-09 (7th Cir. 1996); *Honce v. Vigil*, 1 F.3d 1085, 1088-90 (10th Cir. 1993). Courts apply the Title VII sexual harassment standards to such claims under the FHA. *Kelly*, 364 F. Supp. 3d at 651; *see Honce*, 1 F.3d at 1089.

"Under Title VII, there are two distinct categories of sexual harassment: 'quid pro quo' and hostile environment harassment." *Kelly*, 364 F. Supp. 3d at 651-52; *see Honce*, 1 F.3d at 1089. Monus alleges only a hostile housing environment claim.[18] Such a claim is viable when a landlord's harassment (including sexually aggressive behavior) is so severe or pervasive as to interfere with a tenant's use and enjoyment of the premises. *Kelly*, 364 F. Supp. 3d at 652; *see Quigley*, 598 F.3d a 947; *Honce*, 1 F.3d at 1090. In analyzing whether behavior is "severe and pervasive," courts consider the totality of the circumstances, including the frequency of the objectionable conduct, its severity, and whether it is physically threatening or humiliating, or a mere offensive utterance. *Kelly*, 364 F. Supp. 3d at 652; *see DiCenso*, 96 F.3d at 1008.

Riecke argues that, even assuming Monus's allegations are true, which he denies, the one-time conduct at issue is not severe or pervasive enough to establish a hostile environment claim.[19] Generally, "[a]llegations of isolated or trivial harassment are not sufficient to state a claim." *Kelly*, 364 F. Supp. 3d at 652 (quotation and citation omitted). However, the Fifth Circuit has held in the Title VII context, that deliberate and unwanted touching of intimate body parts, even a single incident, can constitute severe sexual harassment. *See Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 435-36 (5th Cir. 2005) (collecting cases). Given this jurisprudence, Monus's allegation that Riecke touched her vaginal area is sufficient, at the pleading stage, to state a hostile housing environment claim under the FHA.

Moreover, Monus has alleged that Riecke's behavior interfered with her use and enjoyment of the property. The U.S. Department of Housing and Urban Development defines hostile housing environment harassment as "unwelcome conduct that is sufficiently severe or pervasive as to

---

[18] *See* R. Docs. 1; 10 at 6.
[19] R. Doc. 9-1 at 8. On a Rule 12(b)(6) motion the Court must assume the allegations of this reprehensible behavior to be true, but it recognizes that Riecke denies them "emphatically," R. Doc. 9-1 at 9, and has the right to disprove them in this suit.

interfere with [among other things]: The … use or enjoyment of a dwelling …. Hostile environment harassment does not require a change in the economic benefits, terms, or conditions of the dwelling …." 24 C.F.R. § 100.600(a)(2). In asserting that Riecke's harassment interfered with her use and enjoyment of the property, Monus has alleged enough of an alteration in the conditions of her housing arrangements to meet the required standard.

Therefore, Riecke's Rule 12(b)(6) motion to dismiss is denied.

## B. Riecke's Rule 12((b)(1) Motion

### 1. Rule 12(b)(1) Standard

Rule 12(b)(1) permits a party to challenge a court's subject-matter jurisdiction. "[A] claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory authority or constitutional power to adjudicate' the claim." *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018) (quoting *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012)). The party asserting jurisdiction bears the burden of proving that subject-matter jurisdiction exists. *Id.* "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A motion to dismiss for lack of subject-matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." *Sureshot Golf Ventures, Inc. v. Topgolf Int'l, Inc.*, 754 F. App'x 235, 235 (5th Cir. 2018) (citing *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 663 (5th Cir. 2007)).

### 2. FHA's Exceptions

Riecke argues that Monus has failed to establish federal question subject-matter jurisdiction because she has failed to show that her rental of the home falls outside the exemptions to the FHA codified at 42 U.S.C § 3603(b). This argument misses the mark. Section 3603(b) lists exemptions from the reach of the FHA's prohibition against discrimination (*viz.*, a single-family house whose owner owns no more than three single-family houses at one time; and rooms or units in dwellings containing living quarters occupied by no more than four families, where the owner occupies one of the living quarters as his residence). These exemptions are not jurisdictional bars, but rather constitute affirmative defenses for which the defendant bears the burden of proof. *Treece v. Perrier Condo. Owners Ass'n, Inc.*, 2019 WL 6464984, at *4 (E.D. La. Dec. 2, 2019) (citing *United States v. Space Hunters, Inc.*, 429 F.3d 416, 425-26 (2d Cir. 2005) ("We conclude that [the § 3603(b) exemption] is an affirmative defense having no bearing on jurisdiction.")). As such, Monus is not required to allege in her complaint that the exemptions are inapplicable in order to establish this Court's jurisdiction over her FHA claim. Thus, Riecke's Rule 12(b)(1) motion to dismiss is denied.

### IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Riecke's motion to dismiss (R. Doc. 9) is DENIED,

New Orleans, Louisiana, this 30th day of April, 2021.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE